United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANDREW DERRIC LANCASTER,

Plaintiff,

v.

DOREEN LEIGHTON, et al.,

Defendants.

Case No. 23-cv-05169-EKL

**ORDER SCREENING SECOND AMENDED COMPLAINT, ORDERING SERVICE**

Plaintiff Andrew Derric Lancaster, a California prisoner proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 challenging conditions at the San Quentin Rehabilitation Center ("SQRC"), where he was previously housed.  ECF No. 9.  The Court dismissed Lancaster's Complaint and First Amended Complaint with leave to amend to address several deficiencies.  *See* ECF Nos. 16, 22.  Lancaster has now filed his Second Amended Complaint ("SAC").  ECF No. 23.  Based on the following reasons, the Court orders service of the SAC on all Defendants.

## I.      LEGAL STANDARDS

### A.      Standard of Review

Federal courts engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review, the Court must identify any cognizable claims and dismiss any claims, which are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  *Id*. § 1915A(b)(1)-(2).  *Pro se* pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

United States District Court
Northern District of California

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

**B.    Section 1983**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Liability may be imposed on an individual defendant under Section 1983 if the plaintiff can show that the defendant's actions actually and proximately caused the deprivation of a federally protected right. *Lemire v. Cal. Dep't of Corrections & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of Section 1983 if he does an affirmative act, participates in another's affirmative act, or fails to perform an act that he is legally required to do, causing the deprivation of which the plaintiff complains. *Leer*, 844 F.2d at 633.

**II.    LANCASTER'S ALLEGATIONS**

Lancaster's claims arise from medical care he received while he was imprisoned at San Quentin Rehabilitation Center. ECF No. 23 at 2-3. He alleges that Defendant Doctors Doreen Leighton and Daniel Smith, who provided him with primary care, were medically negligent and deliberately indifferent under the Eighth Amendment. *Id.* at 5-6.

Lancaster alleges that he was diagnosed with a rare form of ulcerative colitis while

2

imprisoned.  ECF No. 23 at 2-3, 6.  Dr. Leighton, who was assigned as Lancaster's primary care physician, developed a treatment plan for Lancaster's medical condition involving Asacol capsules and anal Asacol treatment.  *Id.* at 5.  In 2010, Lancaster began to experience regular flare-ups and was prescribed Prednisone and Budesonide to calm them, but the medications led to an excess of calcium in Lancaster's urine and affected his kidneys such that he was urinating every thirty minutes.  *Id.* at 6.  Lancaster's resulting health problems have led to significant disruptions of Lancaster's ability to "function[] as a normal person."  *Id.* at 5.  Lancaster was hospitalized for several weeks.  *Id.* at 6.

Later, Dr. Smith was assigned as Lancaster's primary care physician.  ECF No. 23 at 6. The endocrinologist advised Lancaster to stop the steroid medicine (Prednisone and Budesonide) because its long-term use "can be bad for the body."  *Id.*  However, Dr. Smith continued the same treatment plan as Dr. Leighton.  *Id.*  Lancaster continued experiencing medical issues, including up to seven bowel movements a day, an inability to eat, stomach pain, headaches, and depression. *Id.*  In 2020, Lancaster and his attorney reached out to the Acting Chief Medical Officer, Dr. Shannon Garrigan, regarding Lancaster's medical care.  *Id.*  Dr. Garrigan reportedly instructed Dr. Smith to try another treatment plan involving Humira, but by then, the damage to Lancaster's body was not reversible.  *Id.*  Lancaster continues experiencing chronic kidney disease and issues with his thyroid, blood pressure, constant urination, and excess calcium.  *Id*.  He is also at risk for colon cancer.  *Id.*

Lancaster seeks monetary damages.  ECF No. 23 at 7.

## III.    ANALYSIS

Lancaster's medical claims are analyzed under the Eighth Amendment, which forbids the government from demonstrating "deliberate indifference to [the] serious medical needs of prisoners."  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *see Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  To state a claim for deliberate indifference, an incarcerated person must show (1) a "serious medical need," and (2) that the prison official acted or failed to act in a way "sufficiently harmful to evidence deliberate indifference."  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992).  "A 'serious' medical need exists if

United States District Court
Northern District of California

United States District Court
Northern District of California

the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin*, 974 F.2d at 1059 (citing *Estelle*, 429 U.S. at 104). A prison official is considered deliberately indifferent if they know a prisoner faces a substantial risk of serious harm and disregard that risk by failing to take reasonable steps to abate it. *Farmer*, 511 U.S. at 837. The "circumstances, nature, and duration of any deprivation" or alleged conditions are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2006).

Liberally construed, Lancaster's allegations – that Defendants kept him on the same medical treatment plan for an extended time despite their knowledge that the treatment were causing Lancaster serious and lasting health issues – state a plausible Eighth Amendment claim related to the medical care he received. *See Hill v. Borba*, Case No. 20-cv-03255-YGR, 2020 WL 7360689 (N.D. Cal. Dec. 15, 2020) (finding cognizable Eighth Amendment claim where plaintiff's medical treatment led to serious long-term medical issues).

To the extent Lancaster also alleges that he received negligent medical care, mere negligence does not meet the threshold for a constitutional violation. *See McGuckin*, 974 F.2d at 1059. However, the Court construes his reference to negligent medical care as an attempt to raise a state law claim for negligence and finds that Lancaster states a plausible claim of medical negligence. *See Massey v. Mercy Med. Ctr. Redding*, 180 Cal. App. 4th 960, 695 (2009) ("[A doctor] is negligent if he or she fails to meet the standard of care – that is, fails to use the level of skill, knowledge, and care that a reasonably careful [doctor] would use in similar circumstances.").

IV.    **CONCLUSION**

The Court orders as follows:

1. Lancaster states a cognizable Eighth Amendment claim, as well as a state law medical negligence claim, against Leighton and Smith.

2. Leighton and Smith shall be served. Service shall proceed under CDCR's e-service pilot program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the Clerk of the Court is directed to serve on CDCR via email the

4

following documents:  the operative complaint (ECF No. 23), this order, a CDCR Report of E-Service Waiver form, and a summons.

No later than **45 days** after service of this order via email on CDCR, CDCR shall provide the Court a completed CDCR Report of E-Service Waiver advising the Court whether Defendants will be waiving service of process without the need for service by the United States Marshal Service (USMS) or whether any Defendant declined to waive service.  CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office, which, within **21 days of service**, shall file with the Court a waiver of service of process for the Defendants waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each Defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-285 Form.  The Clerk shall provide to the USMS the completed USM-285 form and copies of this order, summons, and operative complaint for service upon each Defendant who has not waived service.  The Clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

Additionally, the Clerk shall mail a copy of this order to Lancaster.

3.  In order to expedite the resolution of this case, the Court orders the following briefing schedule:

   a.  No later than **90 days** from the date of service, Defendants will file a motion for summary judgment or other dispositive motion.  The motion will be supported by adequate factual documentation, shall conform in all respects to Federal Rule of Civil Procedure 56, and will include as exhibits all records and incident reports stemming from the events at issue.  If Defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they will so inform the Court prior to the date the dispositive motion is due.  All papers filed with the Court will be promptly served on Lancaster.

   b.  At the time the dispositive motion is served, Defendants will also serve, on a separate paper, the appropriate notice or notices required by *Rand v. Rowland*,

United States District Court
Northern District of California

154 F.3d 952, 953-54 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.4 (9th Cir. 2003). *See Woods v. Carey*, 684 F.3d 934, 940-41 (9th Cir. 2012) (*Rand* and *Wyatt* notices must be given at the time motion for summary judgment or motion to dismiss for non-exhaustion is filed, not earlier); *Rand*, 154 F.3d at 960 (separate paper requirement).

    c. Lancaster's opposition to the dispositive motion, if any, will be filed with the Court and served upon Defendants no later than **28 days** from the date the motion was served upon him. Lancaster must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand*, 154 F.3d at 953-54, and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988). If Defendants file a dispositive motion claiming that Lancaster failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), he should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which must be provided to him as required by *Wyatt*, 315 F.3d at 1120 n.4.

    d. If Defendants wish to file a reply brief, they shall do so no later than **14 days** after the opposition is served upon them.

    e. The motion shall be deemed submitted as of the date the reply brief is due. Absent a further order of the Court, no hearing will be held on the motion.

4. All communications by Lancaster with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order is required before the parties may conduct discovery.

6. It is Lancaster's responsibility to prosecute this case. Lancaster must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to

prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated:   April 3, 2026

_____
Eumi K. Lee
United States District Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file a motion for summary judgment for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion for summary judgment for failure to exhaust and it is granted, your case will be dismissed and there will be no trial.